UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 11-CR-20131-JEM-1

UNITED STATES OF AMERICA,

vs.

JONATHAN RANDALL CURSHEN,

        Defendant.
_____/

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

**THIS MATTER** comes before the Court upon Defendant's Motion for Compassionate Release. (DE 525, 535). The Government filed a response indicating that it opposes compassionate release. (DE 529, 537). The Court has further reviewed the record in this case and supplemental filings from Defendant (D 538) and the Government (DE 542). Upon careful consideration, the Motion is **DENIED**.

**I.    BACKGROUND**

On January 31, 2012, Defendant was found guilty after trial of Count 2 (conspiracy to commit mail fraud, wire fraud, and securities fraud), Count 6 (mail fraud), Count 8 (mail fraud), and Count 10 (conspiracy to commit money laundering) charged in an April 2011 superseding indictment in connection with his participation in a multi-million-dollar stock manipulation and money laundering scheme. (DE 263). On May 11, 2012, the Court sentenced Defendant to a term of imprisonment of 240 months with a term of supervised release of three years. (DE 362). Defendant is now 55 years old and has served approximately 42% of his sentence. He moves the Court for an order to modify his sentence and immediately release him to time served or placement in home confinement. Defendant argues that a sentence modification is appropriate because his

medical conditions make him particularly susceptible to COVID-19.

## II.     LEGAL FRAMEWORK

Under 18 U.S.C. § 3582(c)(1)(A), this Court may, in certain circumstances, grant a defendant's motion to reduce his or her term of imprisonment. Before filing that motion, however, the defendant must first request that BOP file such a motion on his or her behalf. § 3582(c)(1)(A). A court may grant the defendant's own motion for a reduction in his sentence only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id*.

If that exhaustion requirement is met, a court may reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

The Sentencing Commission has issued a policy statement addressing reduction of sentences under § 3582(c)(1)(A). As relevant here, the policy statement provides that a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (iii) "the reduction is consistent with this policy statement." USSG § 1B1.13.

The policy statement includes an application note that specifies the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." USSG § 1B1.13, cmt. n.1(A)(i).

Second, the standard is met if the defendant is:

> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

USSG § 1B1.13, cmt. n.1(A)(ii). The application note also sets out other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances. USSG § 1B1.13, cmt. n.1(B)-(C). Finally, the note recognizes the possibility that BOP could identify other grounds that amount to "extraordinary and compelling reasons." USSG § 1B1.13, cmt. n.1(D). Even if a defendant can show extraordinary and compelling reasons, he still must show that any order for early release would be consistent with the policy statements issued by the Sentencing Commission which include the Sentencing factors in 18 U.S.C. § 3553.

### III.    EXTRAORDINARY CIRCUMSTANCES

The Government concedes that Defendant's request for compassionate release was properly exhausted but challenges the motion on the merits. In this connection, the Government contends that Defendant has failed to meet his burden to demonstrate that he is uniquely at risk of COVID-19 danger. In particular, Government states that "Defendant devotes much of his reply to highlighting the dangers of COVID-19, the challenges to controlling its spread within prisons, and the apparent trend among courts to release prisoners from incarceration because of the pandemic." (DE 537: 6). The Government argues: "Of course, such arguments would apply to every inmate in the federal prison system, and releasing every non-violent felon into the community would be inconsistent with the narrow statutory criteria for compassionate release." (*Id*.).  The Court agrees.

Defendant cannot establish extraordinary and compelling circumstances simply highlighting generic danger, but the law requires him to show that his health conditions put him at a unique risk for developing a severe case of the disease. Defendant, in this respect, does not make a sufficient showing. It is true that Defendant's body-mass index (BMI) is 33.9, which, per the CDC's recently-revised guidelines, puts Defendant in the lower end of the obesity scale. However, the CDC's modified definition of a 30 BMI for those at increased risk now includes anyone who is obese. Defendant does not have diabetes. And hypertension and bipolar disorder are not high-risk factor on the CDC's list. *See United States v. Ballesteros*, 2020 WL 2733647, at *1 (S.D. Fla. May 26, 2020) ("Virtually every person over the age of 50 has some health condition that could conceivably put that person at a greater risk of succumbing to the coronavirus, but this does not entitle every inmate over 50 to be released."). Moreover, Defendant has not shown that he is unable to obtain adequate care and medication for his conditions during the pandemic such that his health is in danger.

Significantly, at this time, there is no imminent threat from COVID-19 at Defendant's facility. As of July 22, 2020, the Government represents that there were no COVID-19 infections at the FCI Fairton minimum security camp where Defendant is imprisoned (as compared to the separate, adjacent medium security facility). The mere possibility that an outbreak may occur in the future at the Defendant's facility is insufficient. Should the situation substantially change at FCI Fairton minimum security camp, Defendant may advise the Court.

In sum, after carefully balancing all of the above considerations, including the fact that Defendant has completed only 42% of his full time served, the Court concludes that Defendant has not made a sufficient showing of "extraordinary and compelling" circumstances to justify his release. Because release is inappropriate at this juncture, the Court does not reach the § 3553(a) factors. Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion (DE 525, 535) is **DENIED**.

**DONE AND ORDERED** at Miami, Florida, this 3rd day of August, 2020.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE